**MINAMAYOR CORPORATION D/B/A**
**George Washington Lodge**

v.

**PAPER MILL SUPPLIERS, INC.**

**Civ. A. No. 36398.**

United States District Court
E. D. Pennsylvania.

Feb. 14, 1969.

Meranze, Katz, Spear & Bielitsky, Frank Bielitsky, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Detweiler, Lynn L. Detweiler, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

The plaintiff, operator of a Motor Inn or Motel in Valley Forge, Pennsylvania, seeks to recover damages from defendant, a Michigan corporation, for loss resulting from a fire which apparently started in a room occupied by one of defendant's salesmen, Dick Collopy by name, who perished in the fire.

It has been stipulated that Collopy was in Pennsylvania for the purpose of soliciting orders and contacting customers or prospective customers for defendant. At 6:00 P.M. on September 4, 1962, he registered into Room 305 of plaintiff's establishment. Nothing is known of his activities from that time on.

About 9:00 A.M. the next morning, September 5, 1962, the assistant night auditor at the motel was informed by telephone that smoke was emerging from Rooms 276 and 269, one of which adjoins and the other of which abuts Room 305. Upon investigation, he ascertained that the fire was in Room 305, and used his master key to enter that room.

He found the curtains and bed on fire, extinguished the curtains, pulled them down and threw them out. He then crawled on his hands and knees towards the bed but was forced back by the heat and smoke and left the room. About this time, the fire personnel and police arrived, but the entire building was in flames. Two hours later, after the fire had been brought under control, Collopy's body was removed from Room 305. He was found on the bathroom floor, clad in his pajamas, had first and second degree burns on his hands and feet but death, it was ascertained, was due to asphyxiation.

Under the terms of his employment with defendant, Collopy's expenses, including travel, motel, etc., were paid by defendant. He had no fixed working hours but was subject to call at any time. There is no evidence that he had been called either by a customer or defendant on the morning of September 5.

On the foregoing undisputed facts, plaintiff seeks recovery of $187,731.94, the loss it sustained by virtue of the fire. Defendant has moved to dismiss the complaint on the ground that the undisputed facts demonstrate no liability on its part for whatever Collopy, its agent, may have done in connection with the fire.

The Court will treat the defendant's motion as one for summary judgment, since there is no dispute that the complaint states a cause of action by alleging that Collopy was acting as defendant's agent at the time of the fire. For the reasons hereinafter set forth, the motion for summary judgment will be granted and judgment entered for the defendant.

While there is no evidence and can be none as to precisely what Collopy did or

did not do, if anything, which caused or contributed to the fire, it is clear, that even if it be assumed that he negligently or deliberately started the fire, such conduct could not have been within the scope of or in furtherance of his employment. Accordingly, under Pennsylvania law, no liability may be imposed on the employer.

The decisions of the Supreme Court of Pennsylvania distinguish between acts done in the course of employment which are not within the scope of employment and those which are or which further the employer's interests. Not all acts performed by an employee while working bind the employer.

In Herr v. Simplex Paper Box Corp., 330 Pa. 129, 198 A. 309 (1938), the Court, though divided as to the application of the basic principles to the facts of that case, was in agreement as to what such principles are. The case involved injury to a tank truck driver whose clothes had gasoline on them which ignited because an employee of the defendant corporation lighted a match and cigarette while approaching plaintiff for the purposes of signing a receipt for gasoline delivered.

The majority concluded that, since striking the match and lighting the cigarette were acts with which the employer had nothing to do, were not an incident or part of or in furtherance of and therefore not within the scope of the employee's employment, no liability attached to the employer. The dissents, accepting the same basic principle, analyzed the facts as demonstrating negligent performance by the employee of a duty assigned to him by the employer (to receipt for gasoline delivered) and in furtherance of the employer's business.

The Restatement of Agency in comment (d) to Section 235 enunciates an addition to the general principle previously discussed, as follows:

"d. Negligent Custody. Although an act is not done for the purposes of the master and hence is not within the scope of the employment if it is accompanied by authorized conduct, its performance may cause the servant to be negligent in the manner of doing that which is within the scope of the employment. The chief instances occur where the servant is the custodian of land or chattels which he is controlling on account of the master."

Two factual situations are then described. In the first, the employer is said to be liable where his servant while delivering gasoline negligently lights a pipe and drops the blazing match in a pool of gasoline on the ground. In the second, liability is denied where the employe, a chauffeur, negligently flicks his lighted cigarette out of a car window into a passing load of hay. The distinction between the two suppositious cases apparently is this: In the first, dropping a lighted match into a pool of gasoline on the ground was a negligent manner of performing the employe's duty of delivering gasoline, whereas the chauffeur throwing a burning cigarette from the car window, though negligent, had nothing to do with the manner in which he drove his master's automobile and did not amount to a negligent manner of driving.

It is obvious that Collopy's conduct in rising, shaving and apparently lighting a cigarette were neither acts within the scope of his employment or negligent conduct during the course thereof. That employers are responsible for all acts of their salesmen while on the road without regard to whether such acts are related in any way to the employer's business is, if the folklore surrounding the conduct of travelling salesmen has any basis in fact, a frightening contemplation.

Defendant's motion for summary judgment is granted. An appropriate order will enter.