411 F.2d 1011
 William Edward WARE, Plaintiff-Appellant, and Aetna Casualty
and Surety Company, Third-Party Defendant Appellant,
v.
ROYAL INDEMNITY CORPORATION, a foreign corporation, and
Hertz Corporation, aforeign corporation,
Defendants-Appellees.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Third-Party Defendant Appellant,
v.
ROYAL INDEMNITY CORPORATION, a foreign corporation, and
Hertz Corporation, aforeign corporation,
Defendants-Appellees.
 Nos. 22-68, 23-68.
 United States Court of Appeals Tenth Circuit.
 June 4, 1969, Rehearings Denied Aug. 15, 1969.
 
 Robert J. Woolsey, Tulsa, Okl., for William Edward Ware and Aetna Cas. & Sur. Co.
 A. M. Covington, Tulsa, Okl., for Hartford Acc. & Indem. Co.
 Philip N. Landa, Tulsa, Okl. (E. D. Hieronymus, Tulsa, Okl., with him on brief), for Royal Indem. Corp. and The Hertz Corp.
 Before BREITENSTEIN, HILL and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 This is a declaratory judgment action wherein appellant Ware, a judgment debtor on a liability claim, sued Royal Indemnity Corporation, which was the liability insurance carrier for Hertz Car Rental Corporation. Hertz was the owner of the vehicle Ware was driving at the time of the accident which resulted in his liability.
 
 
 2
 Royal Indemnity Corporation brought in, as third party defendants, appellant Aetna Casualty and Surety Company, which insured Ware individually, and appellant Hartford Accident and Indemnity Company, which insured Ware's employer, Honeywell, Inc.
 
 
 3
 Agreed judgments totaling $90,000 had been entered against Ware. The three insurance companies contributed equally to the payment of the total judgment but stipulated such payment would be without prejudice to the determination of the declaratory judgment action then pending in the trial court. Ware had filed the declaratory judgment action wherein he sought to have Royal's policy declared primary as against the Aetna and Hartford policies.
 
 
 4
 The record reflects that three employees of Honeywell, Inc., Hartford's insured, met in Tulsa, Oklahoma, to promote their employer's computer product to a prospective buyer in Bartlesville, Oklahoma. One of the employees who first arrived by air rented a Hertz rental car to enable the three employees to continue their journey to Bartlesville. A special air travel credit card issued to the employee upon his personal application also identifying Honeywell was used to obtain the vehicle. When the other two arrived by air, the three employees traveled together in the vehicle to Bartlesville, Oklahoma, to conduct Honeywell business.
 
 
 5
 At the conclusion of the day the prospective customer evidenced an interest in continuing the presentation the following day. The three Honeywell employees agreed and returned to Tulsa where they had reservations for the night at a motel. After dinner the three first returned to the motel and then went out to visit a number of nightclubs. In the early morning hours when they were returning to the motel an accident occurred. Ware was driving the Hertz car at that time. The employee who rented the car was killed, the other employee was injured.
 
 
 6
 In the action that ensued, the death claim was compromised by payment of $70,000, the personal injury claim for $20,000 or a total of $90,000. Each insurance carrier contributed $30,000 to the total. This action seeks to establish primary liability with the Hertz insurer, Royal, and absolve Ware's insurance carrier together with Honeywell's carrier.
 
 
 7
 Two of the trial judges for the Northern District of Oklahoma considered the facts. Each independently found the accident occurred outside the course of usual business.
 
 
 8
 The first trial judge dismissed Honeywell as a party to the prior action on the above enunciated finding.
 
 
 9
 The second trial judge found against Ware on the basis of an exclusion clause contained in the Hertz policy. This clause excludes from coverage under the policy persons regularly employed by the renter of an automobile who are not in the usual course of the renter's business.
 
 
 10
 We are initially confronted with the appellate rule that the findings of fact of a trial judge will not be disturbed unless they are clearly erroneous and without evidentiary support.[1]
 
 
 11
 Analyzing the arguments presented, it appears the appellants contend that Honeywell, Ware's employer, was a renter of the motor vehicle of Hertz. Appellants further contend that Ware, as an employee of Honeywell and in the usual course of his employer's business, proximately caused the accident and therefore is within the class Royal agreed to insure.
 
 
 12
 The two district trial judges, applying the facts stipulated, applied Oklahoma law in concluding that Ware, together with his fellow employees, had departed from the usual course of business at the time of the accident.
 
 
 13
 We have said, 'It is the general law that an employer is not liable for a tort of an employee committed outside the scope of his employment and while engaged in a mission of his own. * * * we reviewed the Oklahoma cases on the subject and stated that the test was whether the conduct of the employee amounted to a departure or a mere deviation from his line of duty, taking into consideration the purpose of the mission and the distance traveled.'[2]
 
 
 14
 We therefore, examine the facts to determine whether evidentiary support is clearly lacking to apply the Oklahoma rule above stated.
 
 
 15
 We first consider if the conduct of Ware amounted to a departure or a mere deviation from his line of duty, taking into consideration the purpose of the mission and the distance traveled. At the outset we can eliminate any question of distance traveled and direct our attention to the purpose of this mission. The departure from the presentation of the product to the Bartlesville customer was a personal recreational mission, i.e. visiting nightclubs. There were no customers or representatives of the Bartlesville firm enjoying the recreation; only Honeywell employees. The trial court concluded this was a departure, not a mere deviation, and therefore Honeywell was not responsible and the exclusion relied upon by Royal was applicable.
 
 
 16
 In view of the foregoing, we cannot conclude the findings are clearly erroneous and without evidentiary support. The evidence clearly shows that the mission could have been a distinct departure for a personal errand and the court so found.
 
 
 17
 Affirmed.
 
 
 
 [1]
 Continental Cas. Co. v. Rose, 405 F.2d 1195 (10th Cir. 1969)
 
 
 [2]
 Oil Daily, Inc. v. Faulkner, 282 F.2d 14, 15 (10th Cir. 1960). See also, Minamayor Corp. v. Paper Mill Suppliers, Inc., 297 F.Supp. 524 (USDC E.D.Pa. Feb. 14, 1969)